IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PAULETTEE STERN, | ) |
| Plaintiff, | ) Case No. 2:10CV-475 |
| v. | ) |
| HORSESHOE HAMMOND, LLC, | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, PAULETTEE STERN, by and through her attorneys, LISA KANE & ASSOCIATES, and complaining of Defendant, HORSESHOE HAMMOND, LLC, states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for violations of rights guaranteed to Plaintiff by 42 U.S.C. § 1981. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 1981. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

### PARTIES

4. Plaintiff, PAULETTEE STERN, is an African-American citizen of the United States

who resides in Gary, Indiana.

5. Defendant, HORSESHOE HAMMOND, LLC, is a corporation properly recognized and sanctioned by the laws of the State of Indiana. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Indiana in an industry that affects commerce.

## COMMON ALLEGATIONS

6. Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

7. Plaintiff began working for Defendant's affiliates on October 19, 2001 as a Total Reward Representative.

8. Plaintiff performance throughout her employment with Defendant's affiliates was superior as evidenced by a lack of any writeups, merit based bonuses, the longevity of her employment, and Plaintiff's elevation to the position of Senior Executive Casino Host in 2009, and any assertion to the contrary is pretextual.

9. In February 2007, Plaintiff was relocated by Defendant's parent company to Defendant's casino in Hammond, Indiana which is operated by Defendant, HORSESHOE HAMMOND, LLC.

10. Throughout her employment with Defendant working in Hammond, Indiana, Plaintiff was meeting Defendant's legitimate performance expectations, and any assertion to the contrary is pretextual.

11. During Plaintiff's employment working at Defendant as an Executive Casino Host and a Senior Executive Casino Host, Plaintiff was one of the few African Americans in her position as the vast majority of her coworkers were Caucasian.

12. When Plaintiff began working at Defendant's Hammond facility, Plaintiff worked the earlier shift.

13. In about October 2007, Kimberly Ronayne, a Caucasian, was promoted to the position of Host Manager and became Plaintiff's immediate supervisor.

14. Shortly after becoming Plaintiff's supervisor, Ronayne accused Plaintiff of breaking one of Defendant's policies for pretextual reasons. Had Ronayne's recommendation to discipline Plaintiff been upheld, her employment would have been summarily terminated.

15. Ronayne's false allegations against Plaintiff shortly after becoming Plaintiff's supervisor was the first occasion in Plaintiff's entire career with Defendant and its affiliates when Plaintiff was ever disciplined or threatened with discipline for violating any of Defendant's policies or the policies of Defendant's affiliates.

16. In late February 2008, Plaintiff's supervisor Ronayne stated to Plaintiff, "Sister, you will be going to nights," indicating that Plaintiff was being transferred to a later shift with Defendant because of her race, African American.

17. Plaintiff's supervisor Ronayne attempted to explain her decision to place Plaintiff on nights on the purported basis that employees with the most seniority in Defendant's Hammond facility were afforded the daytime shifts.

18. Belying the pretextual basis for Ronayne's discriminatory shift assignment of Plaintiff is the fact that Meghan Willis, a new Caucasian hire of Defendant hired after Plaintiff, was assigned to the early shift. In addition, Robert Choi, an Asian who was transferred to Defendant's Hammond facility after Plaintiff began working at Defendant's Hammond facility was assigned to the early shift.

19. In addition, as Plaintiff's supervisor Ronayne was required, pursuant to Defendant's policies, to rotate the shifts of Casino Hosts on a regular basis, when Ronayne rotated Plaintiff to the day shift, it was for extremely short period of time and Plaintiff was consistently relegated to the night shift on a disproportionate basis as compared with her Caucasian comparatives.

20. Plaintiff's supervisor Ronayne also systematically excluded Plaintiff from off property functions on the pretextual basis that she worked nights. In excluding Plaintiff from off property functions, Ronayne attempted to damage Plaintiff's relationships with her clients in order to sabotage Plaintiff's performance.

21. Similar to the discriminatory manner in which Plaintiff's supervisor Ronayne assigned shift times, Ronayne also assigned Plaintiff the least preferable days off during the week days on a consistent basis as compared to her Caucasian comparatives who frequently received preferred days off on the weekends.

22. As a result of the systematic disparate treatment Plaintiff suffered at the hands of her Caucasian supervisor, Ronayne, in November 2008, Plaintiff complained about disparate treatment she was afforded by her supervisor, Ronayne to Mark Salvador, a managerial employee of Defendant. In addition to her complaints about disparate treatment, Plaintiff further speculated verbally to Salvador while complaining about disparate treatment that the reason Plaintiff was being treated less favorably is because of her race, African American.

23. Further, Plaintiff also elevated her complaints of disparate treatment to Defendant's Human Resources Department throughout 2009 and 2010, to no avail.

24. Immediately after she began complaining about disparate treatment to Salvador in November 2008, the disparate treatment Plaintiff's supervisor Ronayne afforded to Plaintiff

4

intensified, as Ronayne began micromanaging Plaintiff in addition to continuing her course of disparate treatment against Plaintiff.

25. In late May 2010 and early June 2010, Plaintiff's supervisor Ronayne attempted to damage Plaintiff's relationship with one of her clients for pretextual reasons. On June 8, 2010, after it became apparent that Ronayne was unsuccessful at damaging Plaintiff's client relationship, Ronayne issued Plaintiff a Final Written Warning for pretextual reasons.

26. On October 8, 2010, Plaintiff's supervisor culminated her course of disparate treatment against Plaintiff by terminating Plaintiff's employment for pretextual reasons.

## COUNT I – 42 U.S.C. § 1981- RACE DISCRIMINATION

27. Paragraphs one (1) through twenty-six (26) are incorporated by reference as if fully set out herein.

28. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her race, African American, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

29. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PAULETTEE STERN, prays for judgement against Defendant and respectfully requests that this Court:

A. Declare the conduct of the Defendant to be in violation of rights guaranteed to

Plaintiff under appropriate federal law;

B.   Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices that unlawfully discriminates on the basis of race;

C.   Order Defendant to make whole PAULETTEE STERN by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D.   Order Defendant to pay lost, foregone, and future wages to PAULETTEE STERN;

E.   Grant the Plaintiff consequential, compensatory, punitive and any other damages that the Court may deem appropriate;

F.   Grant the Plaintiff her attorneys' fees, costs, and disbursements; and

G.   Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – 42 U.S.C. § 1981- RETALIATION

30.   Paragraphs one (1) through twenty-six (26) are incorporated by reference as if fully set out herein.

31.   The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on her opposition to the discrimination she suffered at Defendant, and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of her employment in violation of 42 U.S.C. § 1981.

32.   As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PAULETTEE STERN, prays for judgment against Defendant and respectfully request that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole PAULETTEE STERN by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to PAULETTEE STERN;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

F. Grant Plaintiff her attorney fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

33. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,
PAULETTEE STERN, Plaintiff



By:

7

                                                  Lisa Kane, Attorney for Plaintiff

Lisa Kane & Associates  
Attorney for Plaintiff  
141 West Jackson Boulevard, Suite 3620  
Chicago, Illinois 60604  
(312) 606-0383  
Attorney Code No. 06203093

## Verification

I, PAULETTEE STERN, declare under penalty of perjury that the foregoing related to my claims against the Defendant is true and correct.

Executed November 10, 2010.

_____
PAULETTEE STERN